IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RAY JAMES,** | ) | |
| Petitioner, | ) | C.A. No. 16-272 Erie |
| | ) | |
| v. | ) | **District Judge Susan Paradise Baxter** |
| | ) | **Magistrate Judge Richard A. Lanzillo** |
| **LAWRENCE MAHALLY, et al.,** | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

This *pro se* action for habeas corpus relief was filed on November 24, 2016, by Petitioner Michael Ray James, an inmate incarcerated at the State Correctional Institution at Dallas, Pennsylvania. On October 26, 2017, a Federal Public Defender was appointed to represent Petitioner and subsequently filed an amended habeas petition on his behalf [ECF No. 27]. In his amended petition, Petitioner seeks relief under 28 U.S.C. § 2254, raising three grounds for relief largely based on ineffective assistance of counsel. The petition was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On September 1, 2021, Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that the petition be denied and that the issuance of a Certificate of Appealability be denied [ECF No. 40]. In particular, Judge Lanzillo found that: (1) Petitioner's first claim, alleging trial counsel's ineffectiveness for raising an illusory defense strategy, was procedurally defaulted and did not have sufficient merit to overcome the procedural default under the first prong of the two-part test established in Martinez v. Ryan, 566 U.S. 1, 14 (2012); and (2) Petitioner's second claim, alleging trial counsel's ineffectiveness for stipulating to a lab

1

report regarding drug quantity and type, lacked merit because Petitioner failed to establish a reasonable probability that, but for counsel's alleged error, the result of the trial would have been different. Petitioner's third claim that the cumulative errors of counsel violated his Sixth Amendment right to counsel was not separately considered by the Magistrate Judge, as the alleged "cumulative errors" were the same as those alleged in the first two claims that were already considered. Objections to the R&R were filed by Petitioner on October 15, 2021 [ECF No. 43], arguing that (1) the Magistrate Judge misapplied the Martinez standard in finding that Petitioner's first claim lacked merit; (2) the Magistrate Judge erroneously applied the standard from Harrington v. Richter, 562 U.S. 86 (2011) to conclude that Petitioner could not make the required showing under 28 U.S.C. § 2254(d) to warrant *de novo* merits review of Petitioner's second claim; and (3) the Magistrate Judge erred in his alternative ruling that, even under a *de novo* review standard, Petitioner's second claim fails on its merits. These objections will be addressed in turn.

First, Petitioner objects that Judge Lanzillo misapplied the Martinez standard in finding that Petitioner's first claim lacks sufficient merit to excuse the procedural default of such claim.[1] In particular, Petitioner argues that "because the jury could have concluded based on [Petitioner's] admission to taking the drugs to the pool that he possessed with the intent to deliver, as defined for the jury by the trial court…. [r]easonable jurists could certainly debate the merits of his claim that counsel was thus ineffective." (ECF No. 43, at 14). The Court disagrees

---

[1] In his first claim, Petitioner argues that his PCRA counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel for raising an "illusory defense" to the intent component of the charge of possession with intent to deliver. In particular, Petitioner claims that his trial counsel was ineffective for presenting Petitioner's testimony at trial to establish that he had no intent to deliver the drugs that were found in his possession, which allegedly belonged to his friend. During his testimony, Petitioner admitted that he was in possession of the drugs, which he hid in his baby's car seat, and that he transported the drugs to and from a hotel pool because he didn't want to leave them in his friend's hotel room unattended. By this testimony, Petitioner argues that he effectively admitted the element of intent to deliver, thus rendering his trial counsel's defense "illusory."

2

and finds that Judge Lanzillo correctly applied the first prong of the Martinez standard in concluding that Petitioner's first claim lacks merit. Specifically, Judge Lanzillo thoroughly reviewed the content of both the prosecutor's arguments at trial and the trial judge's jury instructions, observing that both "clearly indicate[d] that the case against [Petitioner] for [possession with intent to deliver] was based on whether he intended to sell the drugs," and directed the jury to "focus on the quantity and packaging of the drugs, the presence of paraphernalia and lack of evidence of personal use." On this record, the Magistrate Judge found that the jury was given no basis to believe that Petitioner's trial testimony regarding his transportation of the drugs to and from the hotel pool was sufficient to satisfy the intent element for possession with intent to deliver (ECF No. 40, at 9-10). Thus, Judge Lanzillo concluded that the basis for Petitioner's first claim of ineffectiveness of counsel is "not substantial" or sufficiently meritorious to overcome the procedural default of such claim. The Court finds this conclusion to be well-founded and concurs with the Magistrate Judge's application of the Martinez standard.

   As to Petitioner's second objection that the Magistrate Judge erroneously applied the Harrington standard to preclude *de novo* merits review of his second claim, Petitioner argues that the cited standard is limited to circumstances where there is no reasoned state court decision for the habeas court to review, which is not the case here. However, the standard cited by the Magistrate Judge is not so limited. Specifically, Judge Lanzillo's finding reflects the Supreme Court's recognition in Harrington that, "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington,

3

562 U.S. at 103. This generalized standard is in no way limited to cases where the state court failed to issue a reasoned decision. Thus, it was appropriately applied by Judge Lanzillo to preclude *de novo* merits review in this case, and Petitioner's argument to the contrary is without merit.[2]

Thus, after *de novo* review of the petition and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 3rdday of June, 2022,

IT IS HEREBY ORDERED that the within petition for a writ of habeas corpus is DENIED, with prejudice, and the issuance of a Certificate of Appealability is also DENIED. The report and recommendation of Magistrate Judge Lanzillo, dated September 1, 2021 [ECF No. 40], is adopted as the opinion of this Court. As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cc:   The Honorable Richard A. Lanzillo
      United States Magistrate Judge

      All parties of record

---

[2] Because the Court concurs with Judge Lanzillo' finding that *de novo* merits review is unwarranted, Petitioner's third objection regarding the Magistrate Judge's alternative *de novo* review will not be considered.

4