IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL RAY JAMES,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 1:16-CV-272 |
| **LAWRENCE MAHALLY, et al,** | ) |
| **Defendants.** | ) |

**MEMORANDUM ORDER**

Presently pending before the Court is Petitioner Michael Ray James' Motion to Amend pursuant to Rule 60 of the Federal Rules of Civil Procedure. ECF No. 48. By way of background, Petitioner commenced this action on November 14, 2016, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On October 26, 2017, the undersigned appointed the Federal Public Defender for the Western District of Pennsylvania to represent Petitioner in this proceeding. ECF No. 13. Through counsel, Petitioner filed an Amended Petition on September 27, 2019. ECF No. 27.

On September 1, 2021, Chief Magistrate Judge Richard A. Lanzillo issued a Report and Recommendation that Petitioner's § 2254 petition be denied and no certificate of appealability issue. ECF No. 40. Over Petitioner's objections, the undersigned adopted Judge Lanzillo's Report and Recommendation on June 6, 2022, and marked the case closed. ECF No. 44.

Through counsel, Petitioner filed a timely Notice of Appeal. ECF No. 45. The Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability on October 14, 2022. ECF No. 47.

On February 6, 2024 – approximately sixteen months after the conclusion of his appeal – Petitioner filed the instant motion for relief from judgment pursuant to Rule 60. ECF No. 48. In his motion, Petitioner maintains that the Pennsylvania Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), represents an intervening change in law sufficient to justify relief pursuant to Rule 60(b)(6). Notably, although Petitioner is still represented by the Federal Public Defender on the docket, he filed his motion *pro se*.

As a general practice, this Court does not entertain *pro se* motions submitted by individuals who are represented by counsel. *See*, *e.g.*, *U.S. v. D'Amario*, 268 Fed. Appx. 179, 180 (3d Cir. 2008) (district court "acted within its authority to issue limitations on D'Amario's *pro se* filings submitted while represented by counsel"). Given the lengthy time between the last prior activity in this case and Petitioner's recent motion, the Court understands that Petitioner may not have communicated with his attorney in several months. Nevertheless, because the Federal Public Defender remains counsel of record in this case, Court will deny Petitioner's *pro se* motion, without prejudice.

Because Attorney Samantha L. Stern is still listed as the lead attorney and attorney to receive notice of filings in this case, Attorney Stern is instructed to notify the Court within twenty days of receipt of this Order as to whether she wishes to file a counseled brief in support of the legal issue raised in Petitioner's *pro se* motion or withdraw from this action to allow Petitioner to pursue that claim on his own. The Court will not draw any inference from counsel's decision. Once counsel has articulated how she wishes to proceed, the Court will establish a briefing schedule for Petitioner to renew his motion, either through counsel or *pro se*.

IT IS SO ORDERED this 12th day of September, 2024.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge